IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOHN R. HAYES, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:16CV1100 |
| | ) | |
| MARK CARVER, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

The Recommendation of the United States Magistrate Judge was filed with the court in accordance with 28 U.S.C. § 636(b) and, on July 3, 2017, was served on the parties in this action. (Docs. 18, 19.) The Recommendation concludes that Petitioner's contention that his petition is not untimely because he meets the standard for the actual innocence gateway should be rejected. Petitioner objected to the Recommendation (Doc. 20), and Respondent filed a response (Doc. 21).

This court's obligation is to review those portions of the Recommendation to which objections have been made and to conduct a *de novo* review. 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" and it "may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id. In reviewing Petitioner's

objections to the Magistrate Judge's Recommendation, the court notes two objections that warrant discussion.

The first is Petitioner's objection to any line of reasoning that ostensibly holds his silence against him. (Doc. 20 at 9–11.) Petitioner notes that the Recommendation quotes from Respondent's brief, which points out that Petitioner never previously claimed actual innocence before, during, or after trial. (See Doc. 18 at 14.) To be sure, whether or not ongoing claims of actual innocence by a Petitioner following conviction may be a factor in his favor, Petitioner is correct that the exercise of his Fifth Amendment right to remain silent, particularly before and during trial, should not weigh against him. (Doc. 20 at 10.) And, Petitioner did in fact plead not guilty. Whether Petitioner's silence after conviction – when the presumption of innocence no longer obtains – can be considered was not the point of the analysis. The Magistrate Judge's memorandum opinion focused on the timing of Petitioner's belated assertion of innocence, coming over two decades after his conviction. Delay in bringing a habeas claim can be a factor to consider. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1936 (2013) (explaining that a delay in filing a habeas petition reduces the credibility of the new evidence presented and will weigh against petitioner in the court's actual innocence gateway claim). Having said that, the court recognizes that

application of this rule in this context is tempered by the fact that Petitioner's proffered evidence was allegedly withheld by the State (as opposed to being generated and offered by Petitioner). In any event, removing this timing consideration in any form would not alter the fact that the evidence, viewed as a whole, fails to meet the actual innocence gateway standard.

Petitioner also objects that the Magistrate Judge incorrectly analyzed the newly discovered evidence "in a vacuum" as opposed to undertaking a "holistic" review all available evidence. (Doc. 20 at 11–12.) Petitioner argues that the Magistrate Judge's error is demonstrated by the "item-by-item" manner in which the recommendation addresses the new evidence. (Id. at 12–13.) Petitioner is correct that when considering an actual innocence gateway claim a court should consider all evidence, old and new, cumulatively to determine whether no reasonable jury could convict the defendant beyond a reasonable doubt. House v. Bell, 547 U.S. 518, 538 (2006). However, the Magistrate Judge cited the proper standard both before and after engaging in his detailed analysis. The Magistrate Judge noted at the outset that "[t]he reviewing court must consider 'all of the evidence, old and new.'" (Doc. 18 at 12.) Likewise, at the end of his analysis he stated that "[a]fter consideration of 'all of the evidence, old and new, incriminating and exculpatory, without regard to whether it would

3

necessarily be admitted under the rules of admissibility that would govern at trial,' . . . Petitioner has not demonstrated that 'no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" (Id. at 29) (internal citations omitted). This demonstrates that the Magistrate Judge engaged in the proper holistic review of the evidence. Regardless, this court, in its *de novo* review, has engaged in a holistic review of the evidence. For the reasons articulated by the Magistrate Judge, this court finds that the cumulative effect of all evidence, old and new, does not rise to a level such that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt. See Schlup v. Delo, 513 U.S. 298, 327, 328 (1995). The standard for an actual innocence gateway claim is high, and relief will be granted only in the extraordinary case. See House, 547 U.S. at 538. Petitioner has failed to meet this standard.

Having reviewed the portions of the Magistrate Judge's report to which Petitioner objected and having made a *de novo* determination in accord with the Magistrate Judge's report, the court adopts the Magistrate Judge's Recommendation.

IT IS THEREFORE ORDERED that Respondent's Motion to Dismiss (Doc. 6) is GRANTED, and that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) is DISMISSED.

A Judgment dismissing this action will be entered contemporaneously with this Order. Finding neither a substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability is DENIED.

/s/   Thomas D. Schroeder<br>United States District Judge

September 30, 2017